UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS KONCZ, | ) | Case No.: 1:05 CV 925 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| RALEIGH AMERICA, INC., *et al.* | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Now pending before the court is Defendant Tim's Cycle, Inc. and Tim's Cycle's ("Defendants") Motion for Sanctions Pursuant to Rule 11. ("Motion for Sanctions," ECF No. 52.) For the reasons stated below, the motion is denied.

## I. FACTS RELATED TO DEFENDANT'S MOTION

The within case was filed on April 7, 2005, on the basis of diversity of citizenship jurisdiction. (Compl., ECF No. 1.) Thereafter, Plaintiff moved, without objection, to amend his complaint to add Tim's Cycle and Tim's Cycle, Inc. ("Defendants") as defendants in the action. (ECF No. 17.) The court granted that motion. (ECF No. 28). On September 19, 2006, Defendants moved to dismiss the Complaint against them on the basis that the statute of limitations had expired before the filing of the claim against them. (ECF No. 33.) In reviewing that motion, which the court was prepared to deny since Plaintiff had filed his motion to amend prior to the expiration of the

statute, the court discovered that Plaintiff had asserted in his Amended Complaint that Defendants were citizens of Ohio.

Subsequent to this discovery, the court held a telephonic conference on March 13, 2007, with counsel for the parties to discuss the issue of subject matter jurisdiction. Thereafter, the court gave the parties until March 19, 2007, to file submissions on this issue. Plaintiff's counsel filed a submission (ECF No. 49) on March 16, 2007, thanking the court for "bringing the issue regarding subject matter jurisdiction to the attention of the parties." Moreover, Plaintiff stated that he believed he would be able to refile his action against all defendants in the state court if this court dismissed his action for lack of subject matter jurisdiction. *Id*. Finally, Plaintiff stated that he thought dismissal "will promote judicial economy as well as the eventual complete resolution of this matter." *Id.* On March 20, 2007, the court dismissed this case pursuant to Rule 12(h)(3) for lack of diversity jurisdiction because Defendants and Plaintiff are both Ohio citizens.

Pursuant to Rule 11(c)(1), Defendants served the Motion for Sanctions against Elk & Elk Co., Ltd. and Donald J. Kral, who acted as counsel for Plaintiff on March 21, 2007, filed the motion with the court on April 11, 2007. Defendants stated in its Motion for Sanctions:

> Counsel for Plaintiff caused [Defendants] to incur [$7,500 in] legal expenses in defense of an action brought by the Counsel for Plaintiff in a court which did not have subject matter jurisdiction, [Defendant] is entitled to be reimbursed for those expenses pursuant to Rule 11.

(Mot. to Compel at 2.)

## II. LAW AND ANALYSIS

Rule 11(b) provides that a party submitting a pleading or motion is certifying:

that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
    (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
    (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
    (4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c) allows for the imposition of sanctions against an attorney who violates Rule 11(b). However, the imposition of sanctions for violations "are discretionary, rather than mandatory." *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997) Moreover, sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). For example, the Sixth Circuit upheld the district court's imposition of sanctions against a party who "misrepresented key facts during both deposition and trial testimony and knowingly bringing and pursuing claims devoid of evidentiary support," stating that "sanctions are needed to deter the litigant from displaying similarly abusive tactics in the future." *Union Planters Bank v. L&J Devel. Co., Inc.,* 115 F.3d 378, 384-86 (6th Cir. 1997). The Sixth Circuit has noted that "[i]n line with Rule 11's ultimate goal of deterrence, rather than compensation, *the amended rule also de-emphasizes monetary sanctions and discourages direct payouts to the opposing party.*" *Ridder,* 109 F.3d at 294 (emphasis added).

Here, unlike the party in *Union Planters* who knowingly engaged in "abusive tactics," there is no evidence that, to the best of Plaintiff's counsel's knowledge, he brought claims against Defendants for any improper purpose, or that he knew that the Amended Complaint was improper because it would destroy subject matter jurisdiction. Therefore, the imposition of sanctions would

not serve the court's ultimate goal of deterring improper conduct. *Ridder,* 109 F.3d at 294. Moreover, this is not the exceptional case that warrants a direct payout to the opposing party. Indeed, while Defendants' counsel argues that Defendants were forced to incur $7,500 in legal fees to defend against this action, the court notes that Defendants' expenses would have been significantly reduced if Defendants' counsel had immediately moved to dismiss the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on September 19, 2006 - the same time that he filed Defendants' Motion to Dismiss based on a failing statute of limitations argument. Accordingly, the court denies Defendants' Motion for Sanctions.

### III. CONCLUSION

For the reasons stated above, the court denies Defendants' Motion for Sanctions Pursuant to Rule 11. (ECF No. 52.)

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 11, 2008